## State v. Towne
### *[Cite as 6 AOA 280]*

*Case No. 14519*
*Summit County, (9th)*
*Decided August 15, 1990*

*Philip D. Bogdanoff, Assistant Prosecutor, Summit County Safety Bldg., 53 East Center Street, Akron, Ohio 44308, for Plaintiff.*

*George D. Keith, Attorney at Law, P.O. Box 8, 135 Portage Trail, Cuyahoga Falls, Ohio 44222, for Defendant.*

BAIRD, J.

A jury found petitioner guilty of two counts of kidnapping, two counts of aggravated robbery, and two gun specifications on June 19, 1989. On December 20, 1989, his convictions were affirmed on appeal. On January 5, 1990, petitioner filed a petition for post-conviction relief. The trial court granted this petition on March 19, 1990, and the State of Ohio appeals.

### Assignment of Error

"The trial court committed error when it granted the defendant post conviction relief and modified defendant's sentence."

The state argues that the issue upon which post-conviction relief was granted was *res judicata* between the parties and, therefore, barred from review. In his petition for post-conviction relief, petitioner asserted that the gun specifications for which he was convicted were not properly proved by the state, pursuant to *State v. Gaines* (1989), 46 Ohio St. 3d 65. The trial court did not grant petitioner's motion on this ground, but instead found, *sua sponte*, that petitioner's sentence was so grossly disproportionate to that of his co-defendant as to violate the constitutional provision against cruel and unusual punishment. Eighth Amendment to United States Constitution; Section 9, Article I, Ohio Constitution. Relying on that portion of R.C. 2953.21(A) which states that the court may "*** grant other appropriate relief," the trial court granted petitioner's motion. The trial court ordered that petitioner's two concurrent sentences of five to twenty-five years for robbery run concurrently, rather than consecutively, to his two concurrent sentences of five to fifteen years for kidnapping.

A petition for post-conviction relief may be properly dismissed by the trial court under the doctrine of *res judicata*. In *State v. Perry* (1967), 10 Ohio St. 2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio stated:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant *** on an appeal* from that judgment." (Emphasis in original.)

However, the Supreme Court has recognized exceptions to the application of *res judicata* in post-conviction proceedings where the petitioner raises a claim of ineffective assistance of counsel. *State v. Cole* (1982), 2 Ohio St. 3d 112, 113. This

exception apparently arises out of the nature of such a claim, which is generally based on evidence dehors the record. Post-conviction relief is the appropriate remedy when the evidence supporting the claim is dehors the record. *State v. Nichols* (1984), 11 Ohio St. 3d 40, 42, citing *State v. Gibson* (1980), 69 Ohio App. 2d 91.

In the instant case, the factors supporting petitioner's claim of cruel and unusual punishment are dehors the record. The trial court found petitioner's sentence to be grossly disproportionate to that of his co-defendant. The co-defendant pled guilty and was sentenced in a separate proceeding following petitioner's trial. Accordingly, these facts were dehors the record and could not be raised in petitioner's initial appeal. Because we find no case law on the subject, however, we decline to base our disposition of this case upon the presence or absence of authority for the trial court to raise this issue *sua sponte*.

We find, as a matter of law, that petitioner's sentence did not constitute cruel and unusual punishment. The general rule, adopted by the Ohio Supreme Court in *McDougle v. Maxwell Warden* (1964), 1 Ohio St. 2d 68, is that if a sentence falls within valid statutory limitations, it does not constitute cruel and unusual punishment. Petitioner's sentences did not exceed the statutory sentencing limitations. Furthermore, any disparities between petitioner's and his Co-defendant's sentences are well supported by the record. At the post-conviction hearing, it was argued by the state that it was the petitioner who drove the automobile used in the kidnapping and robbery, it was the petitioner who threatened the victims with a firearm and demanded money, and it was the petitioner who fired the gun at the victims. The co-defendant merely offered a ride to the victims, and at one point urged their cooperation after petitioner initiated the robbery. On these facts, petitioner's sentence was not so grossly disproportionate to his co-defendant's sentence that it constitutes cruel and unusual punishment.

The assignment of error is sustained and the judgment is reversed. The case is remanded to the trial court for further proceeding consistent with this opinion and the law.

The Court finds that there were reasonable grounds for this appeal.

BAIRD, J., for the court.

REECE, P.J., and CIRIGLIANO, J., concur.