OPINION
Appellant, Paul J. Robinson, appeals from the judgment of the Lake County Court of Common Pleas, convicting him of aggravated robbery, in violation of R.C. 2911.01, with a firearm specification under R.C. 2941.145, and aggravated burglary, in violation of R.C. 2911.11, with a firearm specification under R.C.2941.145.
On July 31, 1997, Ben Genovese called the Madison Township Police Department to report that he had been robbed at gunpoint at the residence of his girlfriend, Tonya Moore, located at 6724 Madison Avenue, Madison Township, Ohio. Genovese told the police that appellant and Chris DeMore barged into the residence while he, Tonya Moore, and Tonya's friend, Carolyn Royce, were playing cards. According to Genovese, appellant pulled a gun on him and took approximately $400 from the front pocket of his pants. Genovese also told the police that appellant and DeMore drove away in a black Pontiac Firebird.
While on patrol, Officer Proud spotted a vehicle matching the description given by the police dispatcher. He pursued the vehicle and saw it turn into the entrance of the Sahara Trailer Park, but lost sight of the car as it turned into the trailer park. He drove into the trailer park and again spotted the Firebird parked at 111 Waikiki Drive. Officer Proud approached the vehicle and found Chris DeMore and Colby Pennington inside the car and appellant standing outside of it. After appellant, DeMore, and Pennington told the officer that appellant had not been inside the car, the officer, not realizing that appellant was involved, allowed him to leave the scene. After several officers arrived as back-up, DeMore and Pennington were arrested.
While searching the area for evidence, Deputy Coleman from the Lake County Sheriff's Department found the following items at the entrance to the trailer park: a gray firearm wrapped in a black T-shirt, a vial filled with crack cocaine, and some marijuana. Patrolman Barson searched DeMore and found over $400 in the front pocket of his pants.
On October 27, 1997, appellant was indicted by the Lake County Grand Jury on one count of aggravated robbery with a firearm specification and one count of aggravated burglary with a firearm specification. In May of 1998, appellant was tried before a jury, which returned a verdict of guilty on both counts in the indictment. From this judgment of conviction, appellant assigns the following errors:
 "[1.] The Appellant-Defendant, Paul Jay Robinson, was unduly prejudiced by the ineffective assistance of counsel.
 "[2.] The verdict of the jury convicting Paul Jay Robinson of aggravated robbery is against the manifest weight of the evidence."
In his first assignment of error, appellant alleges that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. Appellant contends that his constitutional rights were violated because trial counsel failed to investigate potential witnesses and subpoena them. Appellant does not assert that there were any other witnesses that could have testified on his behalf or that their testimony would have had any probative value; he merely argues that trial counsel's failure to interview potential witnesses demonstrates that counsel's performance was deficient.
In order to establish a claim for ineffective assistance of counsel, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. A court need not address the performance component if the issue is resolved by addressing the prejudice requirement. Id. at 697. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
We cannot conclude that appellant's trial counsel was ineffective. Appellant has not demonstrated that trial counsel failed to find a witness that would have helped his case; therefore, appellant has not proved that the result of the trial would have been different but for counsel's failure to interview potential witnesses. Even if trial counsel failed to find and subpoena a witness who could have supported appellant's theory of the case, appellant cannot raise such a claim for ineffective assistance of counsel in this appeal. "Where the allegation of ineffective assistance of counsel is based on facts dehors the record, the appropriate remedy is a proceeding for postconviction relief. State v. Gibson (1980), 69 Ohio App.2d 91,430 N.E.2d 954, paragraph three of the syllabus. A petition for postconviction relief is the only mechanism whereby a convicted defendant can present evidence outside the original trial record; therefore, we would not have been able to assess whether appellant's trial counsel was ineffective even if appellant had demonstrated that his trial counsel failed to uncover a witness. Appellant's first assignment of error has no merit.
In his second assignment of error, appellant alleges that the verdict, finding him guilty of aggravated robbery, was against the manifest weight of the evidence. Appellant contends that Ben Genovese was the only eye witness to the crime and his testimony had little weight because Genovese is a known felon whose testimony had been purchased by the Lake County Department of Narcotics in exchange for lighter sentences in future criminal proceedings.
"Weight of the evidence concerns the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other [emphasis in original]." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541. The Ohio Supreme Court has approved the following test to determine whether a jury verdict in a criminal case is against the manifest weight of the evidence:
 "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'" Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
After reviewing the entire record, we do not believe that the verdict is against the manifest weight of the evidence. The State presented a significant amount of credible evidence to prove that appellant committed aggravated robbery. Wesley Spencer testified that he witnessed appellant point a gun at Genovese's head and take money out of the front pocket of Genovese's pants. Chris DeMore, appellant's co-defendant, testified that Genovese owed him money and appellant told him that he would help get his money. According to DeMore, he, appellant, and Colby Pennington drove to the Moore residence to get the money from Genovese. He and appellant entered the home without knocking and Pennington stayed in the car. While he was arguing with Tonya Moore, his ex-girlfriend, appellant went into a bedroom in the back of the house to talk to Genovese.
Carolyn Royce testified that when appellant exited the back bedroom, he was holding a gray gun and he said to DeMore, "Come on before I pop your ass." Although DeMore testified that he did not know that appellant had a gun, he testified that appellant exited the back bedroom and said, "Come on before I pop you." DeMore further testified that he and appellant left the Moore residence together and that appellant gave him $150 dollars while they were driving. Pennington testified that appellant got out of the car before the police approached them at the Sahara Trailer Park. Pennington further testified that appellant was wearing a black T-shirt when he left the Moore residence, but that he was wearing a white tank top when Officer Proud approached them at the trailer park.
The trier of fact generally decides the weight to be given the evidence and the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In the instant case, the jury, as the trier of fact, chose not to believe appellant's theory of the case, which was that he was a friend of Genovese and went to the Moore residence to visit him. We cannot conclude that the jury lost its way or created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Appellant's second assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 ________________________ ROBERT A. NADER, Judge
FORD, P.J., O'NEILL, J., concur.