OPINION
Defendant-appellant Michael Babb appeals the April 3, 2000 Judgment Entry entered by the Morgan County Court, which convicted and sentenced him on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), following a jury's verdict of guilty. Plaintiff-appellee is the State of Ohio, ex rel. Village of McConnelsville.
 STATEMENT OF THE FACTS AND CASE
On June 26, 1999, appellant was arrested for operating a motor vehicle under the influence of alcohol, in violation of Village of McConnelsville Ordinance 73.01(A)(1) and cited for driving left of center. The (A)(1) charge was appellant's second offense for OMVI. Appellant appeared before the trial court on June 28, 1999, and entered a plea of not guilty. On July 12, 1999, appellant filed a Motion to Suppress, arguing the trooper lacked probable cause to arrest appellant. The trial court scheduled a hearing on the motion on August 5, 1999. At the hearing, Patrolman Troy Copeland of the McConnelsville Police Department testified he was on duty on the evening of June 26, 1999, when he received a dispatch from the Morgan County Sheriff's Office about a possible drunk driver on St. Rt. 78, traveling toward McConnelsville. The dispatcher advised the vehicle in question was "a gray four-door big car" and provided the license plate number. T. of Suppression Hearing at 3. Trooper Copeland traveled onto St. Rt. 78 and entered the property of the McConnelsville Water Treatment Plant, where he turned around and parked his cruiser. Patrolman Aaron Weaver also proceeded to the area after receiving the dispatch. Shortly after their arrival, the two officers observed a vehicle, which met the description of the suspect vehicle, pass the water treatment plant. Trooper Copeland followed the vehicle, and observed it travel off the right side of the road, return to the lane of travel, travel into the left lane, off the left side of the road, and then back to the lane of travel. Trooper Copeland testified he was approximately twenty car lengths behind the vehicle when he observed it travel off the right side of the road. Upon observing the vehicle travel off the left side of the road, the trooper activated his overhead lights. The driver of the vehicle traveled a few hundred feet before heeding the trooper's signal. The trooper approached the vehicle and asked the driver, who was ultimately identified as appellant, for his driver's license and registration. Trooper Copeland asked appellant to step out of his vehicle and sit in the cruiser while he ran appellant's license. The trooper noticed the smell of alcohol emanating from appellant's person. Upon the trooper's request, appellant removed the sunglasses he was wearing, which revealed appellant's watery eyes. Trooper Copeland conducted a horizontal gaze nystagmus test, which indicated four of the six clues of impairment. Appellant admitted he had had a couple of beers. The trooper then asked appellant to perform the one-leg stand test and the walk-and-turn test, which appellant performed successfully. Because appellant had also advised the trooper he drank heavily and daily, his ability to pass the two field sobriety tests after failing the horizontal gaze nystagmus test did not surprise the trooper. Thereafter, the trooper placed appellant under arrest for operating a motor vehicle while under the influence of alcohol, and transported appellant to the Morgan County Sheriff's Office. Patrol Aaron Weaver testified while he and Trooper Copeland were parked at the water treatment plant, they observed the suspect vehicle travel pass them on St. Rt. 78 east. Because Trooper Copeland's cruiser was parked toward the road, he pulled out behind the vehicle first. Trooper Weaver turned his cruiser around and proceeded onto St. Rt. 78. The trooper immediately noticed appellant's vehicle travel off the right side of the road, causing a cloud of dust from the debris and gravel. Trooper Weaver acknowledged he did not observe appellant's vehicle travel off the left side of the road. Trooper Weaver testified he did not have any dealings with appellant during the stop as his attention was focused on the passenger in appellant's vehicle. At the conclusion of the evidence, the trial court announced, on the record, its finding Trooper Copeland had probable cause to arrest appellant. The trial court memorialized its ruling via Decision and Journal Entry filed January 6, 2000. The matter came on for jury trial on December 15, 1999. Trooper Copeland was the sole witness to testify at the trial. His trial testimony mirrored his suppression hearing testimony. At the close of evidence and after deliberations, the jury found appellant guilty as charged in the complaint. The trial court sentenced appellant to thirty days in jail with twenty of the days suspended, imposed a fine of $500, and suspended appellant's driver's license for one year. The trial court memorialized appellant's conviction and sentence via Judgment Entry filed April 3, 2000. It is from this judgment entry and the January 6, 2000 Decision and Journal Entry, overruling his motion to suppress, appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND FINDING THAT PROBABLE CAUSE EXISTED FOR THE ARREST OF THE DEFENDANT.
 II. THE DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE HE WAS DEPRIVED OF DUE PROCESS AND EQUAL PROTECTION OF LAW AND A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 III. DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE IT WAS BASED ON INSUFFICIENT EVIDENCE AND/OR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
 I
In his first assignment of error, appellant maintains the trial court erred and abused its discretion in overruling his motion to suppress based upon a finding the officer had probable cause to arrest appellant. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." To determine whether an officer had probable cause to arrest an individual for operating a motor vehicle while under the influence of alcohol, the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol. State v. Medcalf (1996), 111 Ohio App.3d 142,147, citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223,13 L.Ed.2d 142. The totality of the facts and circumstances must be considered when reviewing OMVI cases. We find, under the totality of the facts and circumstances in the case sub judice, Trooper Copeland had probable cause to arrest appellant for driving under the influence of alcohol. Prior to initiating his stop of appellant, Trooper Copeland observed appellant's vehicle travel off the right side of the road, return to the proper lane of travel, travel left of center, then off the left side of the road before returning to the lane of travel. Although appellant does not challenge the initial stop of his vehicle, we find these traffic violations gave the officer sufficient probable cause to make the initial stop and request appellant to produce his driver's license. Upon speaking with appellant, the trooper noticed the odor of alcohol emanating from appellant's person, and appellant's eyes were very watery. Appellant admitted to consuming alcoholic beverages. The horizontal gaze nystagmus test indicated four of six signs of alcohol impairment. These factors provided Trooper Copeland with sufficient probable cause to place appellant under arrest. Because the facts of this case provided the trooper with sufficient probable cause to arrest appellant, we find the trial court did not err in denying appellant's motion to suppress. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant raises claims of ineffective assistance of trial counsel. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; State v. Combs, supra. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Appellant asserts trial counsel was ineffective based upon the following:
1. Failure to object to the horizontal gaze nystagmus test and the officer's qualification to render an opinion based upon the results of that test at the suppression hearing and trial;
2. Failure to object to hearsay evidence when the State introduced testimony through the arresting officer of an anonymous complaint about the Appellant's driving both during the suppression hearing and at trial;
3. Failing to conduct a proper and thorough voir dire of potential jurors at trial and failure to either challenge for cause two jurors who had strong opinions against drivers who drink alcohol and/or failing to peremptorily strike those two jurors from the jury which ultimately rendered the verdict in this case. Also failure to strike a juror who insisted on giving police officers testimony more weight and credibility just because they were police officers;
4. Failing to object to the testimony of officer[`s] opinion that the HGN was 77% accurate in predicting alcohol influence at trial;
5. Failing to impeach the arresting officer who gave conflicting evidence about statements that the Appellant made about consumption of alcohol, to wit: he stated at the suppression that Appellant stated that he had two beers, however at trial he stated that the Appellant stated that he had four beers;
6. Failing to object to the officer's ultimate opinion stated under oath that he believed that the Appellant was under the influence of alcohol;
7. Failing to offer evidence to explain that Appellant didn't refuse the breath test and failing to object to the jury instruction that Appellant's "refusal" to [sic] the breath test could be evidence of guilty [sic];
8. Failing to request a Rule 29, Motion For Judgement of Acquittal either at the end of the State's case in chief or at the close of all evidence;
9. Failing to challenge the officers[`s] jurisdiction and authority to arrest Appellant at the Suppression Hearing because no acts were committed in the Village of McConnelsville and stipulating to venue at the trial. (R. S.H. Tr. 3-5, T.T. p. 24).
Brief of Appellant at 7.
With respect to points 1, 4, and 6, we note appellant has failed to demonstrate, in his Brief to this Court, had trial counsel made the objections, the trial court would have sustained them. An attorney is not ineffective for failing to raise an objection which would have been overruled. State v. Gibson (1980), 69 Ohio App.2d 91, 95. As such, appellant cannot satisfy the first prong of the Strickland test. We now turn to points 2 and 5. Assuming, arguendo, trial counsel's representation fell below the objective standard of reasonableness as a result of these failures, we find appellant is unable to show but for these failures the result of the trial would have been different. Accordingly, appellant is unable to establish the second prong of the Strickland test. Regarding point 3, we agree trial counsel should have conducted a more thorough voir dire of the potential jurors who acknowledged the personal difficulty they would have in hearing a drunk driving case, or should have used peremptory challenges on these two jurors. Nonetheless, we find appellant has failed to demonstrate the outcome of the trial would have been different. Accordingly, appellant is unable to satisfy the second prong of the Strickland test. With respect to point 7, we find trial counsel's failure to present evidence "explaining appellant's refusal" to take the breath test was clearly a matter of trial strategy and, as such, cannot be regarded as ineffective assistance of counsel. See, State v. Coleman (1989), 45 Ohio St.3d 298,308. In his incident report, Trooper Copeland described his attempts to administer the breath test to appellant as follows: At the office Michael was read the Miranda and the ALS form. Michael stated that he did not want to answer any questions. He stated that he understood the test and refusal consequences and was asked to submit to a chemical test on the BAC Datamaster. Right before the test Michael stated that he would take the test, but only one time. I told him as long as he blew into the machine long enough to get a sample, we would only need one test. I got the BAC Datamaster ready and started the test. Michael blew into the machine for 3-4 seconds then stopped blowing into the mouthpiece. He was blowing out the side of his mouth around the mouthpiece and the machine was indicating that he was not blowing into the machine. I told Michael to blow into the mouthpiece and he stated that he was. I told him that he was not, he was trying to get out of taking the test. Then Michael blew for 1-2 seconds and then the machine registered an invalid sample. Michael stated that he was not taking the test again, he stated he took the test. I ran another test and offered him to take it again, but Michael refused. The first time when he blew 3-4 seconds the BAC got a reading of .160% and it was going up.
According to the record, trial counsel had notice of this report from the commencement of this action. Had trial counsel introduced evidence appellant tried to perform the test, but did not complete it, evidence of appellant's uncooperative nature and the results from the invalid sample would likely have come into evidence. We find such would have negatively impacted appellant's position. Appellant has failed to satisfy prong one of the Strickland test. With respect to point 8, for the reasons set forth in Assignment of Error III, infra, we find appellant is unable to satisfy either prong of the Strickland test. Turning to point 9, we find trial counsel's failure to challenge the police officer's jurisdiction and authority to arrest appellant at the suppression hearing is inconsequential. Assuming, arguendo, Trooper Copeland violated R.C.2935.03, which governs the extraterritorial authority of police officers, such statutory violation did not give rise to suppression of the evidence. Only constitutional violations result in the suppression of evidence. State v. French (1995), 72 Ohio St.3d 446, 449. Additionally, we find trial counsel's stipulation to venue at trial did not violate appellant's right to effective assistance of counsel. In his Brief to this Court, appellant has failed to affirmatively demonstrate the offense did not occur in the Village of McConnelsville. Because of the stipulation, appellee did not have to offer any additional evidence on venue. Appellant is unable to satisfy the second prong of Strickland test. Based upon the reasons set forth above, we find appellant's second assignment of error is overruled.
 III
Herein, appellant raises sufficiency of the evidence and manifest weight claims. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. At trial, Trooper Copeland testified he observed appellant's vehicle travel completely off the right side of the road, and shortly thereafter completely off the left side of the road. Upon initial contact with appellant, the trooper noticed the odor of alcoholic beverages emanating from appellant's person. Appellant's eyes were watery and he admitted to consuming alcoholic beverages. Based upon the facts noted supra, and the entire record, we do not find the jury's verdict was against the manifest weight of the evidence. The jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. Trooper Copeland's testimony supports the conviction. Appellant's third assignment of error is overruled.
The judgment of the Morgan County Court is affirmed.
Hoffman, P.J. Farmer, J. and Reader, V.J. concur.