THE STATE OF OHIO, APPELLEE, *v.* GIBSON, APPELLANT.

(No. 41385—Decided July 3, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Terrance P. Gravens,* for appellant.

JACKSON, J. The defendant-appellant, Ernest Gibson, was convicted of two counts of drug abuse, for possession of cocaine and possession of heroin. He has taken this appeal from his convictions, citing three assignments of error.

In the first assigned error the appellant contends that prejudicial error was committed by the trial court "in admitting evidence of other crimes for which the Defendant-Appellant was not on trial."

The record discloses that the appellant was arrested at his home on June 20, 1978. Pursuant to a search warrant, the police searched his person and his house. They seized a container of heroin, a container of cocaine, prescription bottles, bottles marked "Demerol", plastic bags, a mirror, containers of different drugs including "suspected marijuana", tinfoil wrappers, measuring spoons, a straw cut for use as a "snorting straw", containers of lactose and dextrose, and a box of disposable syringes.

The appellant testified that he had not seen the cocaine and heroin before and that he did not own the items found in his house. He named four other persons who had access to the house.

It is a general rule that the prosecution may not impugn the character of an accused until the accused has put his character in issue by presenting evidence of his good character. *Whiteman* v. *State* (1928), 119 Ohio St. 285; R. C. 2945.56. Moreover, the Ohio Supreme Court has held:

"As a general rule, the introduction of evidence tending to show that a defendant has committed other crimes wholly independent of the offense for which he is on trial is prohibited. * * * " *State* v. *Adams* (1978), 53 Ohio St. 2d 223, paragraph three of syllabus, vacated on other grounds (1978), 439 U. S. 811.

The appellant claims that the items seized by the police were introduced in evidence merely to show the bad character of the accused, *i.e.,* the propensity of the accused to commit crimes. The appellant asserts that the exhibits tend to prove the appellant guilty of trafficking in drugs and possession of criminal tools, crimes for which the appellant was not indicted, and, consequently, that it is impermissible to permit the introduction of this evidence to prove possession of drugs.

We are persuaded that the existence of drug paraphernalia in the home of appellant tended to prove that the appellant *knowingly* possessed heroin and cocaine and that under the facts of this case, the possession of these items is not "wholly independent" of the crime of possession of drugs. R. C. 2945.59 specifically permits the introduction of evidence tending to prove intent, even if the evidence shows that the defendant committed another crime:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

This assignment of error is overruled.

It is argued by appellant in his second assignment of error that his conviction "should be reversed on the ground that he was denied effective assistance of counsel because of the fact that his counsel failed to file a timely motion to suppress evidence."

Immediately before trial defense counsel made an oral motion to suppress the evidence seized by the police at the appellant's home. The court refused to consider counsel's motion on the ground that it was not timely filed under Crim. R. 12, which provides in part as follows:

" (B) Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

" * * *

" (3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained;

" * * *

" (C) All pretrial motions except as provided in Rule 7 (E) and Rule 16 (F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

" * * *

" (G) Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver."

The defense motion was apparently based upon the theory that the search warrant was issued upon less than probable cause. We find no evidence in the record to support that theory.

The Ohio Supreme Court has issued two opinions defining the term "effective assistance of counsel." In *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 79, the court stated:

" * * * [W]e hold the test to be whether the accused, under all the circumstances, including the fact that he had re-

tained counsel, had a fair trial and substantial justice was done."

In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, vacated on other grounds (1978), 438 U. S. 910, the court enunciated a two-step test:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."

Furthermore, in *Lytle* the Supreme Court held that the appellant has the burden of proving his counsel's ineffectiveness. *Id.,* at 397.

In one reported decision decided prior to *Lytle,* the Court of Appeals for Hamilton County held that where an attorney fails to file a motion to suppress evidence which could *arguably* dispose of the criminal charge against his client, the client is denied the effective assistance of counsel. *State* v. *Woolum* (1976), 47 Ohio App. 2d 313, 316. The facts of that case are nearly identical to the facts in the case at bar. The defendant was charged with possession of a hallucinogen; the crucial evidence against him was the marijuana found on his person by the police; and his attorney failed to file a motion to suppress the marijuana. The Court of Appeals did not inquire as to whether there was any reason to file the motion, *i.e.,* whether the record disclosed arguable grounds for suppression of the evidence. Instead, the Court of Appeals in effect announced a *per se* rule that if defense counsel fails to file a motion to suppress evidence in a proceeding for possession of drugs, the defendant is entitled to a new trial.

It is our considered opinion that this decision emasculates the time provisions of Crim. R. 12(B)(3), (C), and (G). A defense attorney could create reversible error simply by failing to file a motion to suppress; if his client is convicted in the first trial, he is guaranteed another trial because the conviction would be reversed on the ground of ineffective assistance of counsel. To avoid this, the trial courts could conceivably be inclined to grant hearings on motions to suppress even if the

motions are not timely made; some courts might even order suppression hearings *sua sponte* where attorneys fail to request them.

We do not choose to follow *State* v. *Woolum, supra;* we believe that that decision was overruled by the subsequent decision of *State* v. *Lytle, supra,* wherein the Ohio Supreme Court placed the burden of proving the ineffectiveness of counsel on the defendant.

We are further persuaded that where there exists no grounds for the suppression of evidence, a defense attorney has no duty to file a motion to suppress evidence. Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.

It is impossible for this court to determine on a direct appeal from a conviction whether an attorney was ineffective in his representation of a criminal defendant, where the allegation of ineffectiveness is based on facts dehors the record. There is no procedure whereby this court can obtain evidence showing whether there was any factual basis for the issuance of the search warrant in the case at bar.

However, the General Assembly has provided a procedure whereby a convicted defendant can present evidence outside the original trial record of his counsel's ineffectiveness. This procedure, a proceeding for postconviction relief, is established by R. C. 2953.21. Pursuant to that statute a defendant may submit a verified petition and supporting affidavits in support of his position that he was denied the effective assistance of counsel. In certain cases the defendant is also entitled to a hearing on his verified petition. *State* v. *Hester, supra.* Therefore, the appellant's second assignment of error is overruled on the ground that the appellant failed to demonstrate the ineffectiveness of his trial counsel. We specifically note, however, that the appellant is not foreclosed from raising this issue in a postconviction proceeding, since the record does not indicate that appellant has had the opportunity to present evidence on this issue.

The third assignment of error by appellant charges error by the trial court "in failing to hold a hearing pursuant to R. C. 2951.04(B)."

Following trial, defense counsel informed the court that he would be filing a motion asking the court to consider the appellant for conditional probation as a drug-dependent person, pursuant to R. C. 2951.04.* Pursuant to this statute the court

* R. C. 2951.04 provides in pertinent part:

" (A) If the court has reason to believe that an offender convicted of a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court may, and when the offender has been convicted, the court shall advise the offender that he has a right to request conditional probation for purposes of treatment and rehabilitation.

" (B) Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. The offender is eligible for conditional probation if the court finds that:

" (1) The offender is drug dependent or is in danger of becoming drug dependent and he may benefit from treatment;

" (2) The offender has been accepted into an appropriate drug treatment facility or program. An appropriate facility or program for rehabilitation or treatment includes a special facility established by the director of mental health and mental retardation pursuant to section 5122.041 of the Revised Code, a program licensed by the director pursuant to section 5122.50 of the Revised Code, a program certified by the director pursuant to division (C) of section 5122.51 of the Revised Code, a public or private hospital, the veterans administration or other agencies of the federal government, or private care or treatment rendered by a physician or a psychologist licensed in the state;

" (3) The offender has committed an offense for which probation may be granted in accordance with section 2951.02 of the Revised Code. For purposes of this section, the fact that an offender is a repeat offender as defined in section 2929.01 of the Revised Code shall not conclusively bar him from conditional probation authorized by this section if the offenses for which he has been convicted and for which he previously had been imprisoned involved violations of section 2925.11 or 2925.12 of the Revised Code or would have been violations of that section had it been in effect at the time of the violations.

" (C) If the court finds that an offender is eligible for conditional probation, the court may suspend execution of the sentence imposed after completion of any period of actual incarceration which may be required by Chapter 2925 of the Revised Code, and place the offender on probation subject to Chapter 2951 of the Revised Code and under the control and supervision of the county probation department or the adult parole authority.

"Probation under this section shall be conditioned upon the offender's voluntary entrance into an appropriate treatment program or facility and his faithful submission to the treatment prescribed for his drug dependence or danger of drug dependence and upon other conditions as the court orders.

"The court shall not suspend execution of a sentence and place the offender on probation until the court affirmatively finds that the offender is not, or there is no substantial risk of his becoming, a dangerous offender as defined in section 2929.01 of the Revised Code and such finding is entered into the record.

may suspend the sentence of an offender and place the offender on probation, conditional upon the offender's "voluntary entrance into" and "faithful submission to" an appropriate drug treatment program. R. C. 2951.04(C). Repeat offenders are not eligible for conditional probation. R. C. 2951.04(B)(3), 2951.02(F)(2), and 2929.01.

Subsection (B) of R. C. 2951.04 *requires* the trial court to hold a hearing to determine whether the offender is eligible for conditional probation:

" (B) Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. * * * "

In the case at bar, the trial court failed to hold such a hearing, and sentenced the defendant to concurrent terms of one to ten years.

The prosecution contends that it was not necessary for the court to hold a hearing on the issue of conditional probation because the appellant was a repeat offender. There was evidence before the court that in 1956 the appellant was convicted and sentenced to the penitentiary on six counts of violating the "drug law", and that in 1974 he was convicted of another drug violation under R. C. 3719.20 (which was repealed effective July 1, 1976). A "repeat offender" is defined in R. C. 2929.01 as:

" (A) 'Repeat offender' means a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense. It is prima-facie evidence that a person is a repeat offender if any of the following apply:
" * * *

(4) Having been convicted of one or more felony drug abuse offenses as defined in Chapter 2925 of the Revised Code, and having been imprisoned pursuant to sentence for

---

"Probation granted under this section shall continue for such period as the court determines. The period of probation may be extended, but the total period of probation, whether for treatment or otherwise, shall not exceed five years."

The record shows that no "motion" asking for conditional probation was ever filed, thus explaining the trial court's failure to schedule a hearing. We hold, however, that defense counsel's statement constituted a "request" within the meaning of R. C. 2951.04(A) and (B).

any such offense, he commits a subsequent felony drug abuse offense;"

Some repeat offenders, however, are eligible for conditional probation as drug dependent persons:

" * * * For purposes of this section, the fact that an offender is a repeat offender as defined in section 2929.01 of the Revised Code shall not conclusively bar him from conditional probation authorized by this section if the offenses for which he has been convicted and for which he previously had been imprisoned involved violations of section 2925.11 [drug abuse] or 2925.12 [possessing drug abuse instruments] of the Revised Code or would have been violations of that section had it been in effect at the time of the violations." R. C. 2951.04 (B)(3).

It does not appear from the record whether or not the appellant's previous convictions were for acts now punishable under R. C. 2925.11 and 2925.12. Both convictions could conceivably have involved simple possession of drugs. If so, the appellant is potentially eligible for conditional probation.

We therefore remand this case and instruct the trial court to hold a hearing pursuant to R. C. 2951.04(B) to determine the appellant's eligibility for conditional probation.

Accordingly, the appellant's conviction is affirmed; however, this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

KRENZLER, C. J., and CORRIGAN, J., concur.

KRENZLER, C. J., concurring. I concur in the judgment of affirmance and agree that, based on this record in this direct appeal, appellant failed to satisfy his burden of proving ineffective assistance of counsel. I disagree, however, with that portion of the majority's opinion which states, in dictum, that appellant may now raise his claim of ineffective assistance of counsel in a petition for postconviction relief.

In the instant case, we are once again confronted with the issue of the appropriate method for raising the claim of ineffective assistance of counsel. Two major problems face defendants as well as courts in dealing with this issue. First, a defendant must decide whether to raise the argument of incompetent counsel on direct appeal or in postconviction proceedings, forcing courts to deal with and apply the doctrines of waiver

and *res judicata* where applicable. Second, there is the question of proof of an allegation of ineffective assistance of counsel.

Under the doctrine of *res judicata,* any issue that was raised and decided on direct appeal cannot be raised in postconviction proceedings. See *State* v. *Hester* (1976), 45 Ohio St. 2d 71; *State* v. *Perry* (1967), 10 Ohio St. 2d 175. Similarly, any issue which could have been effectively raised on direct appeal may not be raised in postconviction proceedings. See *id.* These rules, as applied to an allegation of ineffective assistance of counsel, mandate that this issue will be raised either by a direct appeal or in postconviction relief proceedings, depending upon whether the alleged ineffective assistance can be demonstrated by the record on direct appeal.

If ineffective assistance of counsel can be proven by the record of the trial court proceedings, this claim of error must be raised on direct appeal, or it is waived and may not be raised by a petition for postconviction relief. Similarly, if this issue is raised on direct appeal and is adjudicated and the allegation of ineffective assistance of counsel is determined to be without merit upon the record before the appellate court, *res judicata* bars a relitigation of the issue in postconviction proceedings.

On the other hand, if ineffective assistance of counsel can only be proven by facts outside the record, the proper way to raise the issue is by a petition for postconviction relief. As long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on a direct appeal, *res judicata* does not bar the adjudication of this issue in postconviction proceedings.

Because of this operation of waiver and *res judicata* principles, attorneys representing convicted defendants must be cautious about raising the issue of ineffective assistance of counsel on direct appeal. Although the record of a criminal case may reflect that trial counsel was not as diligent as he could have been, or that he failed to file certain motions or objections, it is the rare record that will demonstrate such gross incompetence as to warrant a reversal. Consequently, before assigning as error on direct appeal the incompetency of counsel as a ground for reversal, counsel must diligently review the trial court record to determine whether a petition for postcon-

viction relief is, instead, the proper method to raise the issue.

In the instant case, appellant argues that he was denied the effective assistance of counsel in that his counsel failed to timely move to suppress evidence against him. In order to demonstrate that this failure did in fact prejudice him, so that his counsel's assistance was demonstrably ineffective, it was necessary for appellant to prove his underlying theory that the warrant by which the evidence was obtained was defective due to a lack of probable cause for its issuance. The record before this court on this direct appeal was insufficient to support a finding that the warrant was defective. Therefore, I concur in the judgment of affirmance. I diverge from the majority's opinion, however, as it is my view that *res judicata* bars his litigating this issue again in postconviction proceedings, since appellant attempted to prove ineffective assistance of counsel on this direct appeal upon the record before us, and did not succeed.