OPINION
Clayton S. Crider appeals from a judgment convicting him of one count of Rape upon his guilty plea. Crider asserts that his counsel rendered ineffective assistance with regard to his plea and that his plea was not made knowingly because it was coerced by defense counsel's promise of a lenient sentence. The record on appeal, however, does not support Crider's claims. Thus, we affirm the judgment of the trial court.
Crider was indicted on October 30, 1997 on four counts of Rape with Force or Threat of Force in violation of R.C.2907.02(A)(2), two counts of Kidnapping in violation of R.C.2905.01(A)(4) and one count of Failure to Comply with an Order of a Police Officer in violation of R.C. 2921.331. Crider was alleged to have kidnapped and raped two different victims and to have attempted to elude a police officer before his capture. Crider's counsel moved to have trial of these charges severed. The trial court, however, refused to sever the rape and kidnapping charges. It did sever the charge of failing to comply with a police officer's order.
On February 20, 1998, Crider pleaded guilty to the first count of Rape in return for all the other charges being dropped. He also pleaded guilty to a charge of domestic violence in a separate case. On April 27, 1998, the trial court sentenced him to five years in prison to be served consecutively with his sentence for domestic violence. The court also determined that Crider was a Sexual Predator subject to the provisions of R.C.2950.03 and 2950.04.
Crider now directly appeals from his conviction and sentence. He raises as his first assignment of error the following:
 I. WHETHER THE APPELLANT'S RIGHT TO COUNSEL SECURED BY THE SIXTH AND FOURTEENTH AMENDMENT'S TO THE UNITED STATES CONSTITUTION WAS VIOLATED ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL.
To show ineffective assistance of counsel a criminal defendant must prove two things. First, he must prove that trial counsel's performance "fell below an objective standard of reasonable representation." State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, followingStrickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Second, he must prove that the deficient performance prejudiced his defense, in that a reasonable probability exists that, but for counsel's errors, the result of the trial would have been different. Id. at paragraph three of the syllabus. In addition, to establish prejudice in the context of a guilty plea challenge, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v.Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370,88 L.Ed.2d 203, 210. The appellant bears the burden of proof on these matters because a properly licensed attorney is presumed competent. State v. Lytle (1976), 48 Ohio St.2d 391,397, death penalty vacated (1978), 438 U.S. 910,98 S.Ct. 3135, 57 L.Ed.2d 1149.
Crider points to an incident during the hearing on his motion to sever in which his attorney mistakenly considered taking evidence from him until advised by the court that testifying would waive his Fifth Amendment privilege. Crider admits that he suffered no prejudice from this incident, but asks us to assume from it that his attorney's performance was deficient as a whole. Crider cannot meet his burden of proof in this way. The mere fact that his attorney stumbled at one point does not in the least signify that his representation was otherwise inadequate. Were we to accept Crider's suggestion, it would no longer be necessary for criminal defendants to show actual prejudice when asserting claims of ineffective assistance.
Appellant's first assignment of error is overruled.
Crider raises the following as his second assignment of error:
 II. THE DEFENDANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVE HIS CONSTITUTIONAL AND NON-CONSTITUTIONAL RIGHTS UPON ENTERING A GUILTY PLEA SINCE HE WAS NOT ADVISED OF HIS RIGHTS IN STRICT COMPLIANCE WITH CRIMINAL RULE 11.
Crider claims that his attorney promised that his sentences for Rape and Domestic Violence would run concurrently. He now argues that the trial court erred by failing to specifically question him about whether his attorney made any such promises regarding sentencing.
The record on appeal does not show that Crider's attorney made any false promises. If there is evidence outside the record, a claim based on that evidence can only be considered in a post-conviction relief proceeding. See State v. Gibson (1980),69 Ohio App.2d 91, 95. The record does show, however, that Crider denied having been given any promises to induce his plea:
 THE COURT: Has anybody promised you anything other than the plea agreement that was stated into the record when your case was called here today in order to get you to make this plea? * * * Mr. Crider?
DEFENDANT CRIDER: No sir.
 This inquiry was sufficient for the purposes of Crim.R. 11. Contrary to Crider's suggestion, the trial court was not required to specifically query him about each possible person that might have made him an improper promise.
Appellant's second assignment of error is overruled.
Having overruled both of Crider's assignments of error, we affirm his conviction and sentence.
Judgment affirmed.
FAIN, J., and YOUNG, J., concur.