OPINION
Defendant-appellant Ricky L. Amstutz appeals the March 11, 1999 Judgment Entry of the Stark County Common Pleas which accepted appellant's negotiated plea and imposed sentence accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 11, 1998, the Stark County Grand Jury indicted appellant on one count of murder with a firearm specification in violation of R.C. 2903.02 and R.C. 2941.145 respectively, and one count of having weapons under disability in violation of R.C.2923.14. On March 8, 1999, appellant and the State entered into a written, negotiated plea and sentence agreement pursuant to Crim.R. 11. According to the plea and sentence agreement, the State amended the murder charge to one count of involuntary manslaughter. In exchange, appellant agreed to plead guilty to the reduced charge with the firearm specification, and plead guilty to one count of having weapons under disability. The agreement specified appellant would receive ten years imprisonment for the involuntary manslaughter count, three years of imprisonment for the firearm specification, and one year imprisonment for the weapons under disability charge, all to be served consecutively. In a March 11, 1999 Judgment Entry, the trial court sentenced appellant in accordance with the agreement. It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT'S IMPOSITION OF MAXIMUM SENTENCES IS CONTRARY TO LAW WHEN THE APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE TRIAL COURT DID NOT MAKE FINDINGS THAT THE MAXIMUM SENTENCE WAS NECESSARY BECAUSE THE APPELLANT EITHER COMMITTED THE WORST FORMS OF THE OFFENSES OR POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES IN VIOLATION OF R.C. 2929.14; R.C. 2929.15 AND 2929.19.
 II. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES IS CONTRARY TO LAW WHEN THE TRIAL COURT DID NOT MAKE FINDINGS THAT CONSECUTIVE SENTENCES WERE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME OR TO PUNISH THE APPELLANT, THAT THE CONSECUTIVE SENTENCES WERE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE APPELLANT'S CONDUCT AND THE DANGER POSED TO THE PUBLIC, OR THAT THE HARM CAUSED BY MULTIPLE OFFENSES WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM FOR EITHER OF THE OFFENSES HAD ADEQUATELY REFLECTED THE SERIOUSNESS OF APPELLANT'S CONDUCT IN VIOLATION OF R.C. 2929.14.
 III. MR. AMSTUTZ WAS DENIED DUE PROCESS OF LAW [SIC] HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S AGREEMENT AND/OR FAILURE TO OBJECT TO SENTENCES WHICH ARE CONTRARY TO LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I, II
In his first and second assignments of error, appellant maintains the trial court erred in imposing maximum and consecutive sentences because it failed to make the findings required under R.C. 2929.14(B),(C), and (E). We disagree. A sentence imposed upon a defendant is not subject to review as of right if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. R.C. 2953.08(D). We hold when a trial court imposes a sentence in accordance with an agreement between a defendant and the prosecution, and the length of the sentence falls within the permissible parameters provided in R.C.2929.14(A), the sentence is authorized by law. Appellant plead guilty to involuntary manslaughter, a felony of the first degree; a firearm specification; and having weapons while under a disability, a felony of the fifth degree. R.C. 2929.14(A) permits a trial court to impose a sentence of three to ten years for a felony of the first degree, and six months to one year for a felony of the fifth degree. R.C. 2929.14(D) requires a trial court to impose a term of one to three years for a gun specification. Because the trial court sentenced appellant within the permissible parameters for each count and the specification, we find the sentence was authorized by law. Appellant's first and second assignments of error are overruled.
 III
In his third assignment of error, appellant contends he was denied effective assistance of counsel. Specifically, appellant maintains trial counsel failed to object to the imposition of consecutive sentences and/or the imposition of maximum sentences. We disagree. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838, 122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell, supra. An attorney is not ineffective for failing to raise an objection which would have been denied. State v. Gibson (1980), 69 Ohio App.2d 91, 95. The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." State v. Bradley, supra at 143, quoting Strickland v. Washington, supra, at 697. Accordingly, we will direct our attention to the second prong of the Strickland test. We note at this juncture appellant's trial counsel successfully negotiated a reduction of a murder charge to involuntary manslaughter. For this reason, and in light of our disposition of assignments of error one and two, appellant can not show his counsel was ineffective. Appellant's third assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur