OPINION
Defendant-appellant Renardo Minor appeals his convictions and sentences entered by the Richland County Court of Common Pleas on one count of aiding and abetting aggravated murder with a firearm specification, in violation of R.C. 2903.01(B), and one count of aiding and abetting aggravated robbery with a firearm specification, in violation of R.C.2911.01(A)(1), following a jury trial and with leave of this Court to reopen his direct appeal. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 15, 1999, the Richland County Grand Jury indicted appellant on one count of aiding and abetting aggravated murder with a firearm specification, in violation of R.C. 2903.01(B); and one count of aiding and abetting aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1). The Indictment also charged Ronald Leaks with the same offenses. Said charges arose out of the March 12, 1999 robbery of Papa Johnny's Drive Thru in Mansfield, Ohio, and murder of Clarence Jacocks, the store clerk. A third suspect, Lawrence Holder, has not yet been apprehended. A jury trial commenced on July 29, 1999. Appellant and Leaks were tried jointly. The undisputed evidence at trial revealed the following. In March of 1999, appellant, a resident of Atlanta, Georgia, rented a vehicle with his girlfriend, Andrea Holder, Lawrence Holder's sister. Appellant along with Leaks and Lawrence Holder, who were also from the Atlanta area, traveled in the rental vehicle to Mansfield, Ohio. Appellant had resided in Mansfield for approximately eighteen months prior to March, 1999. Appellant, Leaks, and Holder were seen "always as a group" while they were in Mansfield. Tr. 1075, 1085. Sometime after midnight on March 11, 1999, appellant, Leaks, and Holder patronized Satch's Bar, where appellant met his cousin, Corey Mack. While at the bar, appellant spoke to Vinnie Barber regarding a gun appellant had loaned to Barber six months prior. Appellant and his traveling companions proceeded to Corey Mack's apartment after leaving Satch's Bar. At 11:00 a.m. on March 12, 1999, appellant, Leaks, and Holder proceeded to Vinnie's Music, Vincent Barber's business. Appellant asked Barber for several compact discs, and informed Barber he would give him the money for the merchandise later. Appellant, Leaks, and Holder visited the store at approximately 11:00 a.m., but Barber was not available. Appellant returned to the music store at approximately 7:15 p.m. and obtained a firearm from Barber. Appellant told Barber he needed the firearm for protection from some men with whom he had previously fought. Appellant subsequently gave the gun to one of his traveling companions. The results of a ballistic comparison established that firearm was the murder weapon. A surveillance video from Papa Johnny's Drive Thru taken the evening of March 12, 1999, captured Leaks and Holder in the midst of the robbery and murder. Within two and a half hours of the crime, appellant was in possession of the firearm and the rental vehicle, and in the company of Leaks and Holder. The firearm was discovered near Main Street, close to Papa Johnny's Drive Thru. A stolen check was found on State Route 13, near Interstate 71. The testimony established Main Street to Route 13 to Interstate 71 was the closest, fastest, and most direct route from the crime scene to Georgia. Appellant returned the rental car on March 15, 1999. After hearing the evidence and deliberations, the jury found appellant guilty as charged. Via judgment entry filed August 10, 1999, the trial court sentenced appellant to an aggregate term of imprisonment of thirty-three years. This Court affirmed appellant's convictions and sentences. State v. Minor (March 2, 2000), Richland App. No. 99CA63, unreported. On May 23, 2000, appellant filed a Motion to Reopen Appeal, which this Court granted on limited issues via Judgment Entry filed June 21, 2000. Appellant assigns the following as error:
I.
 THE TRIAL COURT ERRED BY FAILING TO PROPERLY INSTRUCT THE JURY THAT THE DEFENDANT/APPELLANT WAS ENTITLED TO AN INDIVIDUAL FINDING OF CULPABILITY TO BE FOUND GUILTY THEREBY DENYING HIM A FAIR TRIAL AND THE DUE PROCESS OF LAW. FURTHER, TRIAL COUNSEL WAS INEFFECTIVE FOR HAVING FAILED TO OBJECT TO CERTAIN JURY INSTRUCTIONS, SAID INSTRUCTIONS PERMITTING THE REQUISITE ELEMENT OF CULPABILITY TO BE FOUND IN EITHER MR. MINOR OR ONE OF HIS CO-DEFENDANTS, MR. LEAKS.
II.
 THE TRIAL COURT ERRONEOUSLY ALLOWED THE ADMISSION OF EVIDENCE PERTAINING TO AN ANONYMOUS TIP, WHICH EVIDENCE WAS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE, THEREBY DENYING MR. MINOR A FAIR TRIAL AND DUE PROCESS OF LAW. FURTHER, TRIAL COUNSEL WAS INEFFECTIVE FRO HAVING FAILED TO PROPERLY OBJECT TO THE ERROR BY THE TRIAL COURT.
Because this matter is before this Court pursuant to App.R. 26(B), we shall only address appellant's assignments of error relative to his claims of ineffective assistance of trial counsel.
 I
Herein, appellant maintains trial counsel was ineffective for failing to object to the jury instructions relative to the element of culpability. Specifically, appellant asserts "the instructions given were not sufficiently clear to allow the jury to properly determine whether or not the State had proven the requisite element of `mens rea' in [appellant's] case." Brief of Appellant at 5. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; State v. Combs, supra. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Appellant relies upon Clark v. Jago (6 Cir. 1982), 676 F.2d 1099, in support of his position the trial court erred in failing to properly instruct the jury, thereby denying him his right to due process; and trial counsel's failure to object or request clarification amounted to ineffective assistance of counsel. In Clark, the Sixth Circuit Court of Appeals held: We hold only that where purpose to kill is an essential element of the crime of aggravated murder, a jury instruction permitting that element of culpability to be found in either the defendant or his accomplice is violative of the principles of Due Process under the Fourteenth Amendment.
Id. at 1106.
The Clark court reviewed the sufficiency of jury instructions relative to the culpable mental states of the defendant and his accomplice/co-defendant, who were tried jointly for aggravated murder. The court concluded the words "actually spoken to the jury" by the trial court "could have been interpreted by a reasonable juror in an inappropriate manner." Id. at 1105. Specifically, the Clark court found the instructions could have been interpreted to mean the defendant could be convicted of aggravated murder even if he did not have the requisite mental state if his accomplice/co-defendant did. Id. The court found the erroneous jury instructions were not harmless error. Id. The charge at issue in Clark read as follows: Before you can find the Defendant guilty of aggravated murder you must find beyond a reasonable doubt (1) that Joseph Bradshaw, Jr. was a living person;
(2) that his death was caused by the defendant in Lake County, Ohio on or about the 7th day of December, 1975;
(3) that the killing was done purposely;
(4) and that the killing was done while the defendant was committing aggravated robbery.
Id.
The Sixth Circuit stated:
Conspicuously absent from number (3) above was a requirement that the killing was done purposely by the defendant.
Next, the jury was instructed that "it must be established that at the time in question there was present in the mind of the defendant and/or his accomplice a specific intention to cause the death." After a very general definition of the term "accomplice," the court read R.C. 2923.03
in part as follows: "No person acting with the kind of culpability required for the commission of an offense shall do any of the following: aid or abet another in committing the offense." Next, the court stated in effect that if Clark aided or abetted Jones to purposely cause the death of the victim he could be convicted of aggravated murder. Nowhere does the court make clear that Clark's "culpability" or mental state cannot automatically be that of Jones. The jurors were never told that Clark's culpability, whether established by direct proofs or by the Lockett-Scott inference must be first established before he can be an aider or abetter or an accomplice to aggravated murder. Id.
In his brief, appellant cites the following portions of the trial court's instruction as illustrative of his contention the instruction allowed the jury to impute the element of mens rea from one co-defendant to the other: To find either of them guilty of the crime, you must find beyond a reasonable doubt that, on or about March 12, 1999, in Richland County, Ohio, Mr. Leaks or Mr. Minor knowingly aided or abetted * * *
Before you can find the defendants guilty of aiding and abetting aggravated murder, you must find, as I said, beyond a reasonable doubt that the defendants specifically intended to cause the death of Mr. Jacocks.
* * *
If you find that the Prosecutor proved beyond a reasonable doubt all of the essential elements of the lesser charge of aiding and abetting involuntary manslaughter as to either defendant, you must find Mr. Leaks or Mr. Minor guilty of that crime.
Tr. Vol. VI at 1263, 1265. (Emphasis added).
Upon review of the entire jury instruction in the instant action, we note the trial court's instruction included the following: It is important and each person should decide independently. You must decide separately the question of guilt or innocence of each of the two defendants. If you cannot agree upon a verdict as to both defendant (sic), but do agree as to one, you must render a verdict as to the one upon whose guilt or innocence you do agree. You must separately consider the evidence applicable to each defendant as though he were being tried separately and you must state you finding as to each defendant uninfluenced by your verdict as to the other defendant.
* * *
If the evidence warrants it, you may find Mr. Leaks or Mr. Minor, or both, guilty of a crime lesser than that charged in the indictment.
* * *
Remember, once again, you must decide separately the question of guilt or innocence of each of the two defendants and, of course, their guilt or innocence as to each of the two crimes charged.
Tr. Vol. VI at 1263-1264, 1266, 1269. (Emphasis added).
We find this charge does not create the possibility of confusion or misinterpretation when taken as a whole. The trial court made repeated distinctions as to the culpability of each of the defendants. Unlike Clark, supra, the instructions herein do not permit the jury to impute Leaks' mental state to appellant or vise versa. Further, upon review of the entire charge, we find the trial court clearly instructed the jury of its responsibility to determine whether the State proved beyond a reasonable doubt each and every element of the offenses with respect to appellant before appellant could be found guilty, and with respect to Leaks before Leaks could be found guilty. Having found no error in the trial court's instructions, we find trial counsel was not ineffective for failing to object or request clarification of said instructions. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends trial counsel was ineffective in failing to object on proper grounds to the trial court's admission of the testimony of Captain Philip Messer of the Mansfield Police Department relative to an anonymous tip he received within several days of the robbery and murder. The tipster informed the officer there were actually three men involved in the crime. The tipster also advised the officer the three men involved were from the Atlanta area, and one was a former resident of Mansfield. Relative to the vehicle involved, the tipster stated the license plate had been removed, but the vehicle bore a "Federal Rent-A-Car" sticker. This information lead the investigation to Atlanta. Although trial counsel objected to Capt. Messer's testimony on hearsay grounds, appellant submits an objection on Evid.R. 403(A) grounds would have been "more appropriate." Brief of Appellant at 13. The standard of review for a claim of ineffective assistance of counsel is set forth supra. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173 . Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151,157. Evid.R. 403(A) provides: (A) Exclusion mandatory
Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
We note the trial court gave the jury a limiting instruction as to the use of Capt. Messer's testimony. Tr. Vol. III at 651, and Brief of Appellant at 11. We do not find the trial court would have abused its discretion in overruling an objection to Capt. Messer's testimony on Evid.R. 403 grounds; therefore, we find trial counsel was not ineffective for failing to raise such an objection. An attorney is not ineffective for failing to raise an objection which would have been denied. State v. Gibson (1980), 69 Ohio App.2d 91, 95. Appellant's second assignment of error is overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, P.J. Wise, J. and Boggins, J. concur