{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Samuel Johnson, III, appeals from his conviction on one count of criminal trespass entered after a bench trial in the Ashtabula Municipal Court.
 {¶ 2} The record shows that appellant was charged with one count of criminal trespass and one count of obstructing official business. Appellant entered a plea of not guilty to the charges, and the matter proceeded to a bench trial on August 23, 2001.
 {¶ 3} During the trial, Patrolman John Koski ("Patrolman Koski") testified that on July 22, 2001, he received a letter from the Ashtabula Metropolitan Housing Authority ("AMHA") listing three individuals as unwanted visitors, one of whom was appellant. At around 6:25 p.m. on the same day, Patrolman Koski saw appellant sitting outside an AMHA property with several other people drinking beer. The officer approached appellant and gave him a warning for having an open container. In addition, Patrolman Koski advised appellant that he was banned from AMHA property. According to the officer, appellant told him that he understood, and that he was going to leave the grounds. Later that evening, however, Patrolman Koski testified that he saw appellant at another AMHA property. When the officer turned around to arrest him, appellant fled the area, and a warrant was issued for his arrest.
 {¶ 4} After considering the evidence, the trial court found appellant guilty of criminal trespass and acquitted him of obstructing official business. From this decision, appellant filed a timely notice of appeal with this court.
 {¶ 5} Under his first assignment of error, appellant argues that his conviction for criminal trespass is not supported by sufficient evidence. In particular, appellant maintains that although Patrolman Koski advised him that he was banned from AMHA property, "the officer did not make it clear that [he] was banned from all AMHA properties." (Emphasis added.)
 {¶ 6} When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus,Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 7} To convict appellant of criminal trespass, the city had to show that appellant recklessly entered or remained on AMHA property after receiving notice that he was not permitted to do so. Ashtabula Municipal Code 541.05. See, also, R.C. 2911.21(A)(3). In the case at bar, Patrolman Koski testified that he "gave [appellant] a warning for the open container and also advised him, at that time, he's banned from AMHA property." This was certainly sufficient to put appellant on notice that he was not permitted to enter AMHA property. Appellant's first assignment of error is not well-taken.
 {¶ 8} In his second assignment of error, appellant submits that he was denied effective assistance of counsel because his attorney failed to file a motion to suppress. According to appellant, Officer Koski did not have a reasonable and articulable suspicion to justify stopping appellant on July 22, 2001, "and that all evidence following the stop needs to be suppressed as being fruits of the poisonous tree." We disagree.[1]
 {¶ 9} The standard for determining whether or not a criminal defendant has been afforded his right to effective assistance is well-settled in Ohio. To be successful on such a claim, a criminal defendant must meet the two-pronged test originally articulated by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668, and subsequently adopted by the Supreme Court of Ohio inState v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
 {¶ 10} First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. Bradley at 141. This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the "counsel" guaranteed by both the United States and Ohio Constitutions. Id.
 {¶ 11} Second, a defendant must be able to show that the deficient performance prejudiced his defense. Id. at 142. This requires a showing that there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 142.
 {¶ 12} There is a strong presumption in Ohio that a licensed attorney is competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. Accordingly, to overcome this presumption, a defendant must show that the actions of his attorney did not fall within a range of reasonable assistance. State v. Smith (Dec. 22, 2000), 11th Dist. Nos. 99-P-0039 and 99-P-0040, 2000 Ohio App. LEXIS 6115, at 18.
 {¶ 13} Debatable strategic and tactical decisions will not form the basis of a claim for ineffective assistance of counsel, even if there had been a better strategy available. State v. Phillips, 75 Ohio St.3d 72,85, 1995-Ohio-171. More specific to this case, a criminal defendant's constitutional right to effective assistance of counsel does not require that an attorney file a motion to suppress in every case. State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448; State v. Payton (1997),119 Ohio App.3d 694, 704. Instead, "where there exists reasonable grounds for filing a motion to suppress, counsel's failure to file the motionmay constitute ineffective assistance and warrant reversal." (Emphasis added.) Payton at 704.
 {¶ 14} To show that his attorney was ineffective for failing to file a motion to suppress, appellant must point to instances in the record demonstrating that there is a reasonable probability that but for the failure to file the motion, the result of the proceeding would have been different. State v. Lott (Dec. 26, 1997), 11th Dist. No. 96-A-0011, 1997 WL 799426, at 3. That is to say, appellant must show that there is a reasonable probability that the evidence would have been suppressed, and as a result, he would have been found not guilty of criminal trespass.Sate v. Powell (Dec. 31, 1998), 11th Dist. No. 97-L-253, 1998 WL 965991, at 4
 {¶ 15} After looking at the record, this court concludes that appellant has not demonstrated that the outcome would have been different if his attorney had filed a motion to suppress. For example, appellant does not indicate what evidence should have been suppressed. Moreover, the overall circumstances show that Patrolman Koski had a reasonable and articulate reason to approach appellant as he was on the unwanted visitor list provided by AMHA and had an open alcoholic container.
 {¶ 16} As a result, appellant has failed to demonstrate that his trial attorney's performance was deficient by failing to file a motion to suppress. "`Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.'" State v. Tibbetts, 92 Ohio St.3d 146, 166, quoting Statev. Gibson (1980), 69 Ohio App.2d 91, 95. Appellant's second assignment of error has no merit.
 {¶ 17} Based on the foregoing analysis, appellant's two assignments of error are without merit. The judgment of the trial court, therefore, is affirmed.
DONALD R. FORD, J., DIANE V. GRENDELL, J., concur.
[1] We note that appellant's attorney on appeal also represented him during his trial. Generally, a defendant cannot raise a claim of ineffective assistance if appellate counsel is the same attorney who represented the defendant during the trial court proceedings. State v.Tinch (1992), 84 Ohio App.3d 111, 126. In this case, appellant's attorney did file a motion to withdraw as counsel that this court denied. Accordingly, in the interests of justice, we will consider appellant's second assignment of error.