This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Lee Eastridge has appealed from a decision of the Summit County Court of Common Pleas that found him guilty of possession of an illegal substance and drug abuse instruments. This Court affirms.
 I {¶ 2} On January 2, 2002, the Summit County Grand Jury indicted Appellant on one count of possession of heroin, a violation of R.C.2925.11(A); and possessing drug abuse instruments, a violation of R.C.2925.12. Appellant pleaded not guilty to the charges and the case proceeded to a jury trial. The jury returned a verdict of guilty on all counts as charged in the indictment. Appellant was sentenced to six months of imprisonment for possession of heroin and ninety days of imprisonment for possession of drug abuse instruments; the terms were ordered to be served concurrently. Appellant has appealed his convictions, asserting two assignments of error.
 II Assignment of Error Number One {¶ 3} "[APPELLANT] WAS NOT AFFORDED THE RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, BECAUSE DEFENSE COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE [ADMISSION] OF EVIDENCE OBTAINED IN AN INVENTORY SEARCH WHICH WAS POSSIBLY PROCEDURALLY DEFECTIVE."
 {¶ 4} In Appellant's first assignment of error, he has argued that he was denied his Sixth Amendment right to effective assistance of counsel because trial counsel failed to file a motion to suppress. We disagree.
 {¶ 5} Appellant bears the burden of proof in a claim of ineffective assistance of counsel. State v. Colon, 9th Dist. No, 20949, 2002-Ohio-3985, at ¶ 49. In order to establish the existence of such a claim, Appellant must satisfy a two-pronged test. First, Appellant must demonstrate that trial counsel's performance was deficient by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed Appellant by the Sixth Amendment. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 6} Second, Appellant must also demonstrate that he was prejudiced by his trial counsel's deficient performance. Id. This requires a showing that counsel's errors were so serious as to deprive Appellant of a fair trial, a trial whose result is reliable. Id. Additionally, "[a]n appellate court may analyze the second prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice." State v. Lansberry, 9th Dist. No. 21006, 2002-Ohio-4401, at ¶ 16, citing State v. Loza (1994), 71 Ohio St.3d 61, 83.
 {¶ 7} In the instant case, Appellant has conceded that theSixth Amendment does not require defense counsel to file a motion to suppress in every case. See State v. Madigral (2000), 87 Ohio St.3d 378, 389, certiorari denied (2000), 531 U.S. 838, 121 S.Ct. 99, 148 L.Ed.2d 58. Despite this concession, however, Appellant has essentially argued that trial counsel should have filed a motion to suppress because the evidence, which was discovered in a car owned and operated by Appellant, was the result of an unconstitutional search of his vehicle. Appellant has contended that "the [arresting officer] possibly exceeded the scope of the inventory search when he opened [Appellant's] black toiletry bag which was located in the back seat of the vehicle he was driving."
 {¶ 8} Appellant has based his argument, in part, on State v. Mesa
(1999), 87 Ohio St.3d 105, 109-110. The Ohio Supreme Court in Mesa held:
 {¶ 9} "If, during a valid inventory search of a lawfully impounded vehicle, a law-enforcement official discovers a closed container, the container may only be opened as part of the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such containers." Mesa, 87 Ohio St.3d at 109, quoting State v.Hathman (1992), 65 Ohio St.3d 403, paragraph two of the syllabus.
 {¶ 10} Pursuant to the law announced in Mesa, Appellant has contended that it is possible that the inventory search was procedurally defective because the Springfield Township Police Department may not have had a procedure or policy in place that would allow Officer Scherer to open the black bag containing the contraband. However, the only evidence in the record that refers to Springfield Township Police procedures is the testimony given by Officer Scherer. The following exchange took place during the cross-examination of Officer Scherer:
 {¶ 11} "Q. [Y]ou're aware of the fact that if someone is arrested and there's no one else to drive their vehicle, that that vehicle has to be inventoried and towed; isn't that right?
 {¶ 12} "A. Yes.
 {¶ 13} "Q. Standard police procedure?
 {¶ 14} "A. Yes.
 {¶ 15} "Q. And that gives you a right to go through the car and look at what's in the car, correct?
 {¶ 16} "A. Inventory, yes.
 {¶ 17} "Q. Okay. At the time [Appellant] was placed under arrest, you knew at that point you had the ability to go through the car and search for whatever is in the car; isn't that right?
 {¶ 18} "* * *
 {¶ 19} "A. I knew I had to do an inventory, yes."
 {¶ 20} Aside from the few short questions trial counsel directed at Officer Scherer regarding police procedure during cross-examination, this Court is left without any actual evidence of Springfield Township Police Department policies and procedures for conducting an inventory search of a towed vehicle. Thus, this Court does not know whether Officer Scherer had the authority to open Appellant's black bag before Appellant's car was towed to the police station. If such evidence does exist, it exists outside of the record. "Where the allegation of ineffective assistance of counsel is based on facts dehors the record, the appropriate remedy is a proceeding for postconviction relief." Statev. Gibson (1980), 69 Ohio App.2d 91, paragraph three of the syllabus; see, also, State v. Robinson (Aug. 4, 2000), 11th Dist. No. 98-L-164, 2000 Ohio App. LEXIS 3538, at *5; State v. Washington (Nov. 9, 1999), 10th Dist. No 98AP-1489, 1999 Ohio App. LEXIS 5254, at *26-27; State v.Hennig (Oct. 8, 1999), 11th Dist. No. 98-L-118, 1999 Ohio App. LEXIS 4799, at *5-6; State v. Class (June 22, 1999), 5th Dist. No. 1998AP110122, 1999 Ohio App. LEXIS 2849, at *4; State v. Delgado (May 14, 1998), 8th Dist. No. 72288, 1988 Ohio App. LEXIS 2180, at *6, appeal not allowed (1998), 83 Ohio St.3d 1451. Furthermore, the Ohio Supreme Court has stated:
 {¶ 21} "[I]t is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies in R.C. 2953.21." State v.Cooperrider (1983), 4 Ohio St.3d 226, 228.
 {¶ 22} According to the Supreme Court in Cooperrider, Appellant should have raised the claim of ineffective assistance of counsel based on facts dehors the record in a petition for postconviction relief. Because the issue presented by Appellant is not appropriate in this direct appeal, we find Appellant's first assignment of error is without merit.
 Assignment of Error Number Two {¶ 23} "[APPELLANT'S] CONVICTION SHOULD BE OVERTURNED BECAUSE THE TRIAL COURT IMPROPERLY FAILED TO GRANT HIS [CRIM.R. 29] MOTION FOR ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] `KNOWINGLY POSSESSED' A CONTROLLED SUBSTANCE AND DRUG PARAPHERNALIA AS REQUIRED BY R.C. 2925.11(A) AND R.C. 2925.12."
 {¶ 24} In Appellant's second assignment of error, he has argued that the trial court erred by denying his Crim.R. 29 motion for acquittal because there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he knowingly possessed a controlled substance and drug paraphernalia, in violation of R.C. 2925.11(A) and R.C. 2929.12. We disagree.
 {¶ 25} Crim.R. 29 states in pertinent part:
 {¶ 26} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 27} Sufficiency is a legal standard which is applied to determine whether the evidence admitted at trial is legally sufficient to support a conviction for the offense. See State v. Thompkins (1997),78 Ohio St.3d 380, 386. When analyzing issues of sufficiency of the evidence, a reviewing court must view the evidence "`in the light most favorable to the prosecution,' and ask whether `any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Carter (2001), 72 Ohio St.3d 545, 553, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560.
 {¶ 28} In the instant case, Appellant was convicted of violating R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." He was also convicted of violating R.C. 2925.12(A), which provides:
 {¶ 29} "No person shall knowingly make, obtain, possess, or use any instrument, article, or thing the customary and primary purpose of which is for the administration or use of a dangerous drug, other than marihuana, when the instrument involved is a hypodermic or syringe, whether or not of crude or extemporized manufacture or assembly, and the instrument, article, or thing involved has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use."
 {¶ 30} The culpable mental state required for each crime of which Appellant was convicted is "knowingly." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). To determine whether Appellant acted "knowingly," his state of mind must be determined from the totality of circumstances surrounding the alleged crime. State v. Dorsey
(Feb. 13, 1991), 9th Dist. No. 90CA004796, at 3.
 {¶ 31} Pursuant to R.C. 2925.01(k), "possession," "means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be constructive or actual. State v. Kobi (1997) 122 Ohio App.3d 160,174, appeal not allowed (1997), 80 Ohio St.3d 1466. A person can have constructive possession of a thing or substance when he "knowingly exercises dominion and control over [the thing or substance], even though the [the thing or substance] may not be within his immediate physical possession." State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus, certiorari denied (1982), 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130. Furthermore, circumstantial evidence can be sufficient to prove that a party had constructive possession. See State v. Jenks (1991),61 Ohio St.3d 259, 272-73. Evidence that drugs were discovered in close proximity to the accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. See Kobi,122 Ohio App.3d at 174.
 {¶ 32} At trial, Officer Scherer testified that he received a call to go to Route 91 on Canton Road. Officer Scherer stated that an off-duty police officer saw what he thought was an unoccupied vehicle parked halfway in the road; the officer immediately reported the problem to the Springfield Township Police Department. Officer Scherer further testified that he responded to the call, and drove to Canton Road where Appellant's vehicle was located. When he arrived at the scene, he saw Appellant's blue Honda, and stated that the back end of the car was parked halfway in the middle of the right-hand lane of the road.
 {¶ 33} Officer Scherer testified that he walked to the driver's side of the parked vehicle. He saw Appellant sitting alone in the vehicle; Appellant was asleep and slumped over the steering wheel. In an effort to wake Appellant up, the officer knocked on the window. Officer Scherer testified that he asked Appellant "what was wrong with him, if there was [sic] any medical problems or if he was broke down, why he was parked in the middle of the road." Officer Scherer stated that Appellant explained to him that "he got tired and he pulled off to the side of the road." The officer also stated that he noticed Appellant "was very slow, hesitant in his speech. I'd ask [Appellant] a question and he would answer with a completely different topic; seemed very disoriented." Officer Scherer stated that he then proceeded to perform field sobriety tests on Appellant. In attempting to perform the one-leg stand test and the walk and turn test, Officer Scherer testified that Appellant could not keep his balance and stumbled into his parked car. The officer stated that, although he did not smell alcohol, he noticed that the pupils of Appellant's eyes appeared constricted.
 {¶ 35} After conducting the field sobriety tests on Appellant, Officer Scherer placed Appellant under arrest; he testified that he told Appellant that he "was going to place [Appellant] under arrest for disorderly conduct for [Appellant's] own safety and the safety of others." Officer Scherer placed Appellant in the backseat of another cruiser that had arrived on the scene and Officer Scherer then proceeded to conduct an inventory check of Appellant's car. Inside the passenger compartment of Appellant's car, Officer Scherer testified that he found a black toiletry bag, which he opened immediately. The black bag contained several prescription bottles, with Appellant's name on the label, and a red, velvet bag. Officer Scherer testified that he did not open the velvet bag until Appellant's vehicle was towed to the stationhouse. At that time, Officer Scherer opened the velvet bag and discovered two small wax paper envelopes, with cartoon characters on them, and two hypodermic needles.
 {¶ 36} Appellant was released from police custody after he arrived at the police station. Officer Scherer testified that he returned several of the confiscated prescription bottles to Appellant. However, Officer Scherer kept the velvet bag, two wax paper envelopes, the hypodermic needles, a tube of gel, and a small bottle of pills.
 {¶ 37} Brooklyn Riordan, a forensic scientist with the Ohio Bureau of Criminal Investigation, later testified that the wax envelopes contained .05 grams of heroin, a Schedule I drug. She further explained that:
 {¶ 38} "Heroin can be consumed either by injection, it can be smoked, and it can be snorted. * * * [H]eroin is put into a spoon with some water. Sometimes they add some other type of liquid to help it to dissolve. Then it's heated underneath. It is put — placed into a syringe and then it is injected into a vein in the body at some point."
 {¶ 39} From the evidence presented at trial, it is clear that a jury could conclude beyond a reasonable doubt that Appellant knowingly possessed a controlled substance and drug abuse instruments. The heroin and hypodermic needles were found among other items (i.e., the medication specifically prescribed to Appellant) that belonged to Appellant. Further, the black bag containing the drugs was found within arms' reach of Appellant, and in a car occupied solely by Appellant. Therefore, we conclude that Appellant's second assignment of error lacks merit.
 III {¶ 40} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
CARR, J. CONCURS; SLABY, P.J., CONCURS IN JUDGMENT ONLY.