OPINION
{¶ 1} Richard B. Henderson is appealing, after entering a guilty plea, to one count of possession of crack cocaine, a felony of the fifth degree. His only assignment of error is an allegation of ineffective assistance of trial counsel.
 {¶ 2} As appellee points out, his guilty plea waived any right he has to claim ineffective assistance of counsel, unless such ineffectiveness causes his plea to be less than knowing and voluntary. See State v. Ward (Oct. 18, 2002), Montgomery App. No. 19072, 2002-Ohio-5597.
 {¶ 3} We are satisfied from the reading of the record that his plea was, in fact, fully knowing and voluntary. The court led Mr. Henderson through the full requirements of Crim.R. 11 and engaged in a lengthy colloquy with him before holding that he understood the effect of his plea, that it was made voluntarily and knowingly, and that there was a factual basis for the plea. (Plea hearing, tr. 10).
 {¶ 4} Actually, Mr. Henderson is not arguing that his trial counsel was ineffective for leading him to a less than knowing and voluntary plea, but rather the ineffectiveness he argues was the failure of his trial counsel to file a motion to suppress the evidence of the crack cocaine found on his person after his arrest. The following statement of the facts of the arrest are set forth by the appellant himself in his brief, drawing upon his presentence investigation report.
 {¶ 5} "On December 20, 2002, at 11:00 p.m., Officers Cleaver and Bucci of the Dayton Police Department, were behind a stolen maroon colored Dodge Caravan. Offices [sic] began to initiate a traffic stop on the van by turning of [sic] their overhead lights. The van pulled onto West Third Street, but immediately took a left turn onto South Marian Street, where the van came to a stop.
 {¶ 6} "The officers took the driver, Angela Gibson and passenger, Richard Henderson out of the car. They were then told that the van was stolen and were arrested. Both individuals placed the blame on each other for the theft. When Mr. Henderson was searched, the officers recovered .16 grams of crack cocaine found in his left front pants pocket. The officers also recovered a small glass crack pipe in Mr. Henderson's right coat pocket."
 {¶ 7} It is very obvious that the officer made a proper stop of the van, which was known to have been stolen, and to order the passengers out of the vehicle. When advised that the van had been stolen, both parties blamed each other for the theft. Upon these facts, it is also obvious that the officers had probable cause to arrest both occupants for receiving stolen property, which each blamed the other for. Thus, the evidence was discovered during a search incident to a valid arrest, and there is no possibility whatsoever that a motion to suppress would have succeeded in this case. Even the appellant recognizes that ineffective assistance of counsel cannot be found for failure to file a motion to suppress, and the likelihood of prevailing on the motion has not been demonstrated. State v. Gibson (1980), 69 Ohio App.2d 91, 23 O.O.3d 130.
 {¶ 8} The assignment of error is overruled, and the judgment is affirmed.
Fain, P.J. and Brogan, J., concur.