OPINION
Defendant-appellant, Marcelino Rodriguez, appeals his convictions and sentence in the Butler County Court of Common Pleas for aggravated vehicular assault and driving under the influence of alcohol. We affirm appellant's convictions and sentence.
On January 15, 2000, appellant was involved in a head-on automobile collision on Tylersville Road, Butler County. Appellant's vehicle, which was traveling eastbound in the westbound lane, struck a westbound vehicle, seriously injuring the driver and two passengers of that vehicle. According to the presentence investigation report, a blood alcohol test later performed at the hospital indicated that appellant's blood alcohol level was .24.
On March 9, 2000, appellant was indicted on three counts of aggravated vehicular assault in violation of R.C. 2903.08(A), two counts of driving under the influence in violation of R.C. 4511.19(A)(1) and (2), two counts of failing to stop after an accident in violation of R.C. 4549.02, and one count of vandalism in violation of R.C. 2909.05. The aggravated vehicular assault charges were fourth-degree felonies, the driving under the influence charges were first-degree misdemeanors, the failing to stop after an accident charges were also first-degree misdemeanors, and the vandalism charge was a fifth-degree felony.
On March 22, 2000, appellant, who was born in Guatemala and does not speak English, appeared at his arraignment. On that date, appellant, with his attorney present, entered a plea of guilty to the three aggravated vehicular assault charges and the two driving under the influence charges.
Before accepting appellant's guilty plea, the trial court explained to appellant the rights he was waiving by pleading guilty. An interpreter was present and read the guilty plea form to appellant. The interpreter also translated the statements and questions of the trial court for appellant. Additionally, appellant's counsel spoke Spanish and at times translated the trial court's questions for appellant. After accepting the guilty plea, the trial court dismissed the remaining counts in the indictment.
The trial court held a sentencing hearing in May 2000. Appellant and two of the victims made oral statements at the hearing. Appellant's attorney translated appellant's words for the trial court. At the conclusion of the hearing, the trial court sentenced appellant to 12 months in prison for each of the three aggravated vehicular assault charges, and six months for each of the two driving under the influence charges. The trial court ordered that the aggravated vehicular assault sentences be served consecutively to each other, and that the driving under the influence charges be served concurrently to each other and concurrently to the aggravated vehicular assault charges. Thus, the trial court sentenced appellant to a total of three years in prison.
Appellant now appeals, raising three assignments of error.
Assignment of Error No. 1:
 "APPELLANT'S PLEA WAS INVALID DUE TO THE FAILURE TO ADVISE HIM OF THE CONSEQUENCE OF DEPORTATION AS A NON-CITIZEN."
Under this assignment of error, appellant argues that his guilty plea was invalid because the trial court failed to advise him that convictions on the charged offenses could result in deportation. Appellant does not attack the constitutionality of his plea, but rather contends that his plea was invalid due to the trial court's failure to follow the mandate of R.C. 2943.031(A).
R.C. 2943.031 provides in part:
 "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
"* * *
 "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
"* * *"
R.C. 2943.031(D) expressly provides a remedy if the trial court fails to give the deportation advisement set forth in R.C. 2943.031(A). If a trial court fails to give the advisement, a defendant's remedy is to file a motion with the trial court to set aside the judgment and withdraw the plea pursuant to R.C. 2943.031(D), rather than to raise the issue on direct appeal of the defendant's conviction. State v. Dixon, Clark App. No. 01CA17, 2001-Ohio-7075; State v. Scanlon (June 29, 1998), Licking App. No. 95-CA-134; State v. Reeder (Apr. 14, 1994), Cuyahoga App. No. 65782. A defendant's failure to raise the advisement issue with the trial court by filing a R.C. 2943.031(D) motion waives the defendant's right to raise that error on direct appeal. State v. McDargh, Clark App. No. 2000CA94, 2001-Ohio-1703; State v. Esqueda (Sept. 30, 1996), Franklin App. No. 96-APA01-118; State v. Abuhilwa (Mar. 29, 1995), Summit App. No. 16787.
The record shows that the trial court did not give appellant the advisement of possible deportation set forth in R.C. 2943.031(A). However, the record also shows that appellant did not file a motion with the trial court to set aside the judgment and withdraw his guilty plea pursuant to R.C. 2943.031(D). Rather, appellant raises the advisement issue for the first time on direct appeal of his convictions. Therefore, appellant has waived his right to appeal the advisement issue. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 "COUNSEL RENDERED INEFFECTIVE ASSISTANCE DURING THE PLEA AND PRE-TRIAL PROCESS."
Under this assignment of error, appellant argues that his counsel was ineffective because he failed to "make certain pre-trial investigations" and failed "to file any motions including motions for Discovery or Bill of Particulars, and suppression." Appellant also contends that his counsel did not adequately advise him about the consequences of his guilty plea. Therefore, appellant argues, he received ineffective assistance of counsel in violation of his rights under the United States and Ohio Constitutions.
To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's actions were outside the wide range of professionally competent assistance, and that he was prejudiced by reason of counsel's actions. Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 2064. Counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688,104 S.Ct. at 2065, and that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different. Id.; State v. Bradley (1989), 42 Ohio St.3d 136, 143.
The defendant bears the burden of demonstrating ineffective assistance of counsel. State v.Hamblin (1988), 37 Ohio St.3d 153, 156. In addition, any questions regarding the effectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689,104 S.Ct. at 2066.
A claim of ineffective assistance of counsel that raises matters not appearing in the record may not properly be raised in a direct appeal.State v. Tibbets, 92 Ohio St.3d 146, 166, 2001-Ohio-132; State v. Gibson
(1980), 69 Ohio App.2d 91, 95. When a criminal defendant's claim for ineffective assistance of counsel relies on matters outside the record, that claim must be brought in a proceeding for postconviction relief. Id., at paragraph three of the syllabus.
Appellant claims that the blood alcohol test was conducted "outside the required time frame for alcohol testing." Thus, appellant argues that his counsel should have filed a motion to suppress the test results and that failing to do so rendered him ineffective.
Counsel is not per se ineffective for failing to file a suppression motion. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, quoting Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574,2587. "Where the record contains no evidence which would justify the filing of a motion to suppress, the [defendant] has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Gibson (1980), 69 Ohio App.2d 91, 95; State v.Sawyer (May 17, 1999), Butler App. No. CA98-07-140.
There is no evidence in the record supporting appellant's assertion that the blood alcohol test was conducted "outside the required time frame for alcohol testing." The record before this court does not reveal when appellant's blood alcohol test was given. In addition, nothing in the record suggests that the blood alcohol test was improperly administered or otherwise invalid. Thus, the record does not contain any evidence justifying the filing of a motion to suppress. Therefore, appellant has not met his burden of proving his counsel's ineffective assistance in failing to file a motion to suppress the test results. There may exist evidence outside the record that supports appellant's claim of ineffective assistance of counsel. However, for the purposes of this appeal, our review is limited to the trial court record, which does not contain sufficient evidence to substantiate appellant's allegations. See State v. McQueen (June 26, 2000), Butler App. No. CA99-05-083.
Appellant also argues that his counsel was ineffective because he failed to investigate possible defenses to the crimes. Appellant specifically mentions that his counsel did not investigate the possible defense of consumption after leaving the scene.
Appellant does not point to any evidence in the record indicating that his counsel failed to investigate possible defenses beyond the fact that his counsel did not file discovery motions or a motion for a Bill of Particulars. In addition, appellant does not show and the record does not reveal that any discoverable evidence existed or likely existed favorable to appellant's defense. The record gives no indication whatsoever that the defense of "consumption after leaving the scene" could be supported by any evidence. Thus, appellant has failed to meet his burden of showing that his counsel's performance was deficient in failing to investigate possible defenses to the crimes.
Appellant cites Workman v. Tate (C.A.6, 1992), 957 F.2d 1339, 1346, in support of his argument that his counsel was ineffective in failing to diligently investigate possible defenses. However, that case is distinguishable from the case at bar. In Workman, counsel had been informed that the defendant knew two alibi witnesses willing to testify as to the defendant's whereabouts at the time of the crime. In addition, other witnesses at trial stated that they saw the defendant in the company of these potential alibi witnesses on the night of the crime. However, counsel in Workman made no attempt to interview these potential alibi witnesses or determine the validity of an alibi defense.
In Workman, the record showed that evidence favorable to the defense likely existed, which counsel did not attempt to obtain. In this case, the record does not reveal any evidence favorable to appellant that his counsel could have attempted to obtain. Thus, appellant has not met his burden of proving his counsel's ineffectiveness in failing to investigate the crimes and possible defenses.
Finally, appellant argues that his counsel was ineffective because he did not fully advise him of the consequences of his plea. Appellant argues that his counsel did not advise him of the possibility of consecutive sentences or the possibility of deportation.
Initially, we note that the trial court complied with the mandates of Crim.R. 11 by fully informing appellant of the constitutional rights he was waiving by pleading guilty. The trial court orally informed appellant of these rights before accepting his guilty plea. The plea form, which was translated for and signed by appellant, also set forth these rights.
The plea form stated the following with regard to consecutive sentences: "My counsel has advised me of, and I fully understand, the following: Prison terms for multiple charges may be imposed consecutively by the Court, even if consecutive sentences are not mandatory." Additionally, appellant points to no evidence in the record indicating that his counsel did not advise him of the possibility of consecutive sentences. The only support appellant provides for this contention is the words in his brief. Accordingly, we do not find that appellant has met his burden of showing ineffective assistance given the language in the signed plea form and the lack of evidence in the record supporting appellant's assertion.
With regard to the possibility of deportation, the plea form stated the following: "I understand the consequences of a conviction upon me if I am not a U.S. citizen." Again, this language was translated for appellant by an interpreter. Also, appellant does not point to any evidence in the record supporting his assertion that his counsel failed to advise him of the possibility of deportation. A review of the record reveals no evidence that either confirms or disconfirms appellant's assertion in his brief.
Given the language in the plea form and the lack of evidence in the record of counsel's failure to advise appellant on this matter, appellant has not met his burden of proving that his counsel's performance fell below an objective standard of reasonableness. Perhaps evidence exists outside the record supporting appellant's argument. However, such an argument is properly made in a postconviction proceeding, not on direct appeal. See Gibson, 69 Ohio App.2d at 95. There simply is not sufficient supporting evidence in the record before this court to find ineffective assistance of counsel.
Based on the foregoing, we find that appellant's ineffective assistance of counsel argument fails. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 "THE SENTENCING COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
Under this assignment of error, appellant argues that the consecutive sentences imposed by the trial court for appellant's three aggravated vehicular assault convictions were contrary to law and unsupported by the record.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1); State v. Garcia
(1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Id.
When reviewing a trial court's sentencing determination, the applicable record to be examined by the appellate court includes the following: (1) the presentence investigation report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).
The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C.2929.11(A).
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find that one of the following factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense;
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The presentence investigation report states that appellant was driving eastbound in the westbound lane of Tylersville Road about 9:00 p.m. on the night of the crimes. After hitting two cars and continuing to proceed eastbound in the westbound lane, appellant's car struck the victims' car in a head-on collision. All three persons in the victims' car were injured, two of them seriously. According to the presentence investigation report, a blood alcohol test conducted later at the hospital revealed that appellant's blood alcohol level was .24, over twice the legal limit.
The two victims who were seriously injured, Jeniene Fox and Shane Hayden, made statements at appellant's sentencing hearing about the negative impact the incident had on their lives. Fox, the driver of the vehicle, suffered a fractured rib and a fractured kneecap, which required surgery. Fox reported financial and psychological damage from the accident, and had a "fear of driving" after the accident.
Hayden suffered three fractured ribs, a liver laceration, damage to his spleen which required removal, and a fractured femur, which required surgery. Hayden stated that he now has a fear of driving at night, and was unsure whether his leg would ever be the same.
In its judgment entry, the trial court stated that consecutive sentences were "necessary to protect the public from future crime or punish the defendant and [were] not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public." The trial court also stated in its judgment and conviction entry that "the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct." The trial court had earlier made this statement on the record at the sentencing hearing.
Having reviewed the transcript of appellant's sentencing hearing, the presentence investigation report, the trial court's record, and the oral statements made to the court at the hearing, we conclude that the record adequately demonstrates compliance with the statutory requirements necessary to impose consecutive sentences, and that the trial court's decision to impose consecutive prison terms is supported by clear and convincing evidence.
Thus, contrary to appellant's contention, the trial court's imposition of consecutive prison sentences for appellant's three aggravated vehicular assault convictions was neither contrary to law nor unsupported by the record. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.