OPINION
{¶ 1} Defendant-appellant Faith A. Parker appeals her February 26, 2006 conviction and sentence in the Licking County Court of Common Pleas on one count of kidnapping. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 9, 2005, appellant was indicted on one count of kidnapping, a violation of R.C. 2905.01, a first degree felony. The trial court conducted a jury trial, and the following testimony was adduced at trial:
 {¶ 3} On September 4, 2005, the victim in this case, Tonya Ludwig, left her cousin's house with Dale Matson, who had purchased the drug methamphetamine from Ludwig's cousin. Matson and Ludwig went to a house on South Sixth Street where they were met by appellant and another woman. The group entered a bedroom and began testing the methamphetamine purchased from Ludwig's cousin.
 {¶ 4} After discovering the substance purchased was not methamphetamine, Matson became extremely irate and ordered Ludwig to telephone her cousin. Matson grabbed the phone and made loud threats, including threats to kill Ludwig if the money used to purchase the substance was not returned. Matson then kicked Ludwig in the face.
 {¶ 5} Ludwig testified at trial:
 {¶ 6} Matson told appellant and the other woman, Billie McCoy, to watch Ludwig and "smack" her if she attempted to leave. Matson then left the house. Appellant and McCoy had pocket knives with the blades open, and told Ludwig to "calm down, quit crying, and you better listen to what he says." When Ludwig threatened to leave, appellant told her "you can't do that and that's it."
 {¶ 7} Matson, his wife, and another man named John Cline then returned to the house. Matson ordered appellant and McCoy to drive Ludwig to a house on Hudson Avenue to obtain a gun. In the car, both appellant and McCoy still had pocketknives, and appellant placed her knife under her leg.
 {¶ 8} After receiving no answer at the Hudson Avenue home, Matson ordered appellant to drive to 64 North Fifth Street, the home of Ludwig's cousin. Upon arrival, appellant stayed in the vehicle, while Matson and others tried to coax appellant's cousin from the home. Matson then ordered appellant to drive to a nearby convenient mart.
 {¶ 9} When they arrived at the convenient mart, Matson physically removed appellant from the vehicle, yelling at her for her driving. He then ordered appellant into another vehicle. Matson then struck Ludwig with his fist, and drove to Ludwig's mother's house.
 {¶ 10} At the house, appellant was ordered by Matson to stay with Cline while he escorted Ludwig up the steps to a bedroom. Ludwig later asked to use her cell phone, pretending it was necessary for her to go outside for service. Ludwig's mother then ran out of the house to find a phone and call 9-1-1. Appellant, Matson and the others left the house, and Ludwig remained.
 {¶ 11} Following the trial, the jury found appellant guilty of kidnapping, and the trial court sentenced appellant to three years in prison, with credit for 150 days already served.
 {¶ 12} Appellant assigns the following as error:
 {¶ 13} "I. THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY ON THE AFFIRMATIVE DEFENSE THAT THE ALLEGED VICTIM WAS RELEASED IN A SAFE PLACE UNHARMED.
 {¶ 14} "II. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 15} "III. THE EVIDENCE AGAINST THE APPELLANT WAS INSUFFICIENT TO SUSTAIN A JURY VERDICT OF GUILTY.
 {¶ 16} "IV. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS IS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."
 I {¶ 17} In the first assignment of error, appellant asserts the trial court erred in not instructing the jury on the affirmative defense the victim was released in a safe place unharmed.[1], [2]
 {¶ 18} Specifically, appellant cites R.C. 2905.01(C), which provides, "Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree."
 {¶ 19} Appellant contends Ludwig was eventually "released" at her mother's residence. However, upon review, the evidence indicates the victim was not released; rather, appellant left the premises when Ludwig's mother escaped to call authorities. Furthermore there is evidence Ludwig had been harmed; albeit by Matson. Accordingly, the trial court did not error in not instructing the jury as to the mitigating factor.
 {¶ 20} Appellant's first assignment of error is overruled.
 II, III {¶ 21} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 22} Appellant maintains her conviction for kidnapping is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 23} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 24} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 25} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice. State v. Thompkins
(1997), 78 Ohio St.3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541,1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weight their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 26} Appellant cites R.C. 2905.01, providing "force, threat or deception" is an essential element of the offense of kidnapping. Appellant argues she did not use force or threaten force against the victim. Although the evidence demonstrates appellant had a pocketknife, appellant asserts there is no evidence she used the knife to threaten the victim or as a means of force. We disagree.
 {¶ 27} As stated above, the testimony of Tonya Ludwig introduced at trial stated appellant told her to "calm down, quit crying, and you better listen to what he says." At the same time, Ludwig testified appellant wielded a pocket knife with its blade open. When she threatened to leave, appellant told Ludwig "you can't do that and that's it." Further, when driving Ludwig as directed by Matson, appellant had a pocket knife with an open blade tucked under her leg.
 {¶ 28} We conclude the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of kidnapping. Accordingly, the jury's verdict was not against the manifest weight and sufficiency of the evidence.
 {¶ 29} Appellant's second and third assignments of error are overruled.
 IV {¶ 30} In her final assignment of error, appellant argues she was denied the effective assistance of trial counsel.
 {¶ 31} Specifically, appellant argues counsel was ineffective for failing to object to the trial court's jury instructions as discussed in the first assignment of error, and for failing to move the trial court for an acquittal at the close of the State's case pursuant to Crim. R. 29.
 {¶ 32} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 33} Based upon our disposition of appellant's first, second and third assignments of error, we find appellant's arguments without merit. Appellant's trial counsel was not required to move the trial court on grounds which would be denied. State v. Gibson (1980), 69 Ohio App. 2d 91.
 {¶ 34} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 35} Appellant's February 26, 2006 conviction on one count of kidnapping is affirmed.
Hoffman, P.J. Farmer, J. and Edward, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion appellant's February 26, 2006 conviction on one count of kidnapping, in violation of R.C. 2905.01, is affirmed. Costs assessed to appellant.
[1] We note appellant's trial counsel did not object to the trial court's instructions. Accordingly, appellant has waived all but plain error.
[2] The "safe place unharmed" language does not constitute an affirmative defense, but rather a mitigating factor affecting the degree of felony of the underlying crime of kidnapping.